**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:20-cv-03314-RBJ

SUSAN MCCAUSEY,

        Plaintiff,

  v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

        Defendant.

_____

**SCHEDULING ORDER**
_____

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

1.    The telephonic Scheduling Conference has been vacated due to the COVID 19 pandemic.  The Court has reviewed the proposed order and issues this Scheduling Order with its modifications and comments noted in Track Changes for easier reference.

2.    The Plaintiff is represented by Jonathan D. Stine of The Paul Wilkinson Law Firm, LLC, 999 Jasmine St. Denver, Colorado 80220, (303) 870-1503.

3.    The Defendant is represented by Rebecca Wagner and Robert Zahradnik-Mitchell of Campbell, Wagner, Frazier & Dvorchak, LLC, 5251 DTC Parkway, Suite 350, Greenwood Village, Colorado 80111, (303) 831-5990.

**2.  STATEMENT OF JURISDICTION**

On November 6, 2020, the Defendant removed this action from the Boulder County District Court, State of Colorado, pursuant to 28 U.S.C. § 1441(a). This Court has subject matter jurisdiction over the matter, pursuant to 28 U.S.C. § 1332(a), because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff:

On April 14, 2017, Plaintiff was injured in an automobile accident due to the Negligence of Mr. Kyle Krocher.  The injuries to Plaintiff include, but are not limited to, multilevel disc stenosis and herniation in her cervical spine which ultimately required a C5-C6 and C6-C7 Anterior Cervical Discectomy Fusion surgery.  Mr. Krocker was driving with insurance limits insufficient to fully compensate Plaintiff for her accident-related injuries, damages, harm and losses.  Plaintiff demanded and was paid his liability policy limits of $250,000.00.  Plaintiff received consent to settle from her carrier, State Farm, prior to accepting the liability limits.

At the time of the accident, Plaintiff was insured by State Farm through an insurance policy, Policy No. 195-6537-B01-06A that included $100,000 in underinsured motorist coverage policy limits.  On November 1, 2018, Plaintiff first requested Defendant fulfill its contractual obligations and pay underinsured motorist benefits to Plaintiff.  State Farm failed to fulfill its obligations at that time.  In the ensuing approximately seventeen (17) months, Plaintiff corresponded with State Farm and State Farm corresponded with Plaintiff as laid forth in the Complaint.  Plaintiff also assisted State Farm in its investigation

and provided it with evidence sufficient to justify payment of the Plaintiff's policy limits. At all times, Plaintiff demanded State Farm explain its methods and its evaluation to Plaintiff and justify its delay in paying benefits. State Farm failed to do so in virtually every instance. At all times, Plaintiff's demand was for payment of the Plaintiff's underinsured motorist policy limits. Prior to litigation, State Farm represented the total UIM limits available to plaintiff was $100,000. Since suit was filed, State Farm has changed that representation to disclose the limits were actually $200,000. Plaintiff has insufficient information to know the actual limits. Plaintiff has since demanded the limits of $200,000.00, with the understanding and representation from State Farm that these are the actual limits. Those limits have not been tendered.

On or about April 24, 2020, State Farm offered Plaintiff $100,000.00 – representing the policy limits of only one of the Plaintiff's two policies. Plaintiff accepted that offer, but did not release Defendant State Farm. No mention was made of the second policy at the time of that offer. One year, Five Months, and Twenty-Three days elapsed between Plaintiff's initial demand and Defendant's offer of the limits of the first policy.

After the claim was reported to State Farm it failed to conduct a reasonable and fulsome coverage investigation to identify all coverages available to McCausey. The existence of the additional available UIM benefits was withheld from Plaintiff during State Farm's approximate year and a half handling of McCausey's claim. The fact that Plaintiff had additional available UIM benefits was a fact that in equity and good conscience, State Farm should have disclosed to McCausey.

Based upon the allegations set forth in the Plaintiff's Complaint and the conduct of Defendant during its investigation and evaluation of this claim; its failure to comply with the obligations in its contract with its insured, the Plaintiff; and its failure to comply with Colorado law, Plaintiff alleges the Defendant failed to reasonably: investigate Plaintiff's claim in good faith in a timely manner; investigate Plaintiff's UIM coverage in good faith and in a timely manner to determine all available coverage; evaluate Plaintiff's claim in good faith in a timely manner; respond to inquiries of the Plaintiff in good faith; consider all relevant evidence; consider Plaintiff's damages in such a manner as to construe ambiguities in favor of coverage; timely compensate Plaintiff as required by contract and law; and provide underinsured benefits owed to Plaintiff in a timely manner. Plaintiff further alleges Defendant: concealed material and relevant information about the claim, including the existence of additional available UIM benefits; that it misrepresented pertinent information and facts; refused to reasonably communicate; refused to disclose relevant and material information; and failed to properly train its claim handlers.

As laid out in the Complaint, Plaintiff alleges bad faith breach of contract and violation of C.R.S. §10-3-1116(1).  Further, Plaintiff intends to amend her complaint to include a Breach of Contract claim against State Farm, as the facts disclosed after the complaint was filed show Defendant State Farm, failed to tender benefits to Plaintiff under Plaintiff's second underinsured motorist policy and only identified its existence after litigation was initiated.

b. Defendant:

That the Plaintiff may have failed to mitigate her damages, if any, by taking such reasonable steps under the circumstances as would reduce her injuries and damages, if any; and any damages resulting from the Plaintiff's failure to take such reasonable steps cannot be recovered.

That the Plaintiff's non-economic damages, if any, are limited by C.R.S. § 13-21-102.5.

That this Defendant is entitled to setoff(s) of any amounts previously paid to the Plaintiff and of the underlying liability limits of the tortfeasor(s).

Plaintiff's claims for damages are barred or reduced to the extent such damages were not proximately caused by the accident(s) at issue, and to the extent such injuries were caused by prior and/or subsequent events for which Defendant is not responsible.

That the Plaintiff's recovery of any benefits under the State Farm insurance policy at issue is subject to and limited by all of the terms, conditions, limitations and exclusions of said policy, including but not limited to, applicable policy limits and/or limits of liability, setoffs and primacy conditions.

That the Plaintiff may not be the real party in interest with regard to her claimed damages.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff was involved in a motor vehicle accident on April 14, 2017, when she was rear-ended by Kyle Kroeker in Broomfield, Colorado.

2. State Farm placed 100% liability for causing the subject accident on Mr. Kroeker.

3. State Farm gave Plaintiff permission to settle her liability claim with Mr. Kroeker and his liability insurer, Allstate, for $250,000.

4. At the time of the subject accident, Plaintiff was insured under two (2) State Farm automobile insurance policies which included a total of $200,000 of Uninsured/Underinsured Motorist Bodily Injury ("UM/UIM") coverage.

5. Plaintiff was involved in a subsequent motor vehicle accident on January 18, 2018.

6. Plaintiff's claims in this lawsuit pertain to the 2017 motor vehicle accident only.

## 5. COMPUTATION OF DAMAGES

a. Plaintiff

Plaintiff seeks her total policy benefits for both of her underinsured motorist policies. She seeks general damages due to State Farm's bad faith breach of contract, including but not limited to, pain and suffering, inconvenience, loss of time, loss of enjoyment of life, and mental anguish in an amount to be determined by the jury. She also seeks all available statutory damages against State Farm pursuant to C.R.S. § 10-3-1116 as pertaining ALL available coverage.

b. Defendant:

Defendant is not claiming any damages at this time. Defendant reserves its right to seek any damages, attorney fees, or costs in the future.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: December 4, 2020.

b. Names of each participant and party he/she represented.

<u>For the Plaintiff:</u>

Jonathan Stine, Esq.
The Paul Wilkinson Law Firm, LLC
999 Jasmine Street, Third Floor
Denver, CO 80220
Telephone: (303) 870-1503
Fax: (303) 756-1878
jonathan@pwlfllc.com

<u>For the Defendant:</u>
Robert A. Zahradnik-Mitchell, #50307
Campbell, Wagner, Frazier & Dvorchak, LLC
5251 DTC Parkway, Suite 350
Greenwood Village, Colorado 80111
Telephone: (303) 831-5990
Fax: (303) 832-7144
E-mail: rzahradnik@cwfd-law.net

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff's Rule 26(a)(1) disclosures were served on December 22, 2020.

Defendant's Rule 26(a)(1) disclosures were served on December 22, 2020.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties agreed to an extension until December 22, 2020 to serve initial disclosures.

e. Statement concerning any agreements to conduct informal discovery:

7

No agreements, but the parties are open to discuss informal discovery if it would serve to reduce litigation costs.

    f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Counsel agrees that they will work together on agreements and procedures to reduce the cost of litigation. Counsel also agrees to use a unified exhibit numbering system for depositions.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Defendant's claim file is maintained in electronic format, and copies of the relevant, discoverable portions of the claim file will be produced. The Parties do not anticipate the need for extensive ESI.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed the possibilities for prompt settlement of the case. While the Parties agree to work toward resolution of this matter, they believe discovery is first necessary before fruitful settlement discussions can occur. The possibility of an early mediation has also been discussed.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each side shall be limited to 5 depositions each, excluding experts, subject to a showing of good cause for additional depositions, and 25 interrogatories.

b.  Limitations which any party proposes on the length of depositions.

Defendant proposes that two depositions for each party shall be limited to one day of seven (7) hours, with all other depositions being limited to four (4) hours without prior agreement or absent leave of Court.

Plaintiff agrees with the Defendant's proposal.  However, with respect to any F.R.C.P. 30(b)(6) deposition, Plaintiff agrees provided the designated representative(s) are adequately prepared to answer questions on each identified topic.

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each side shall be limited to 25 requests for production and 25 requests for admission, exclusive of requests for admission regarding the authenticity of documents.

d.  Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: <u>June 2, 2021</u>.

e.  Other Planning or Discovery Orders

. The parties will not file motions or responses concerning discovery disputes. Rather, after counsel have conferred by telephone or in person, they will contact Chambers and set a telephonic hearing. If the dispute concerns responses to paper discovery (interrogatories, etc.), please provide the Court with the disputed question and responses before the hearing.

## 9.  CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

<u>February 26, 2021</u>. However, in light of the procedural requirements under Colorado law for the assertion of claims for punitive damages, Plaintiff requests a deadline of two weeks after the exchange of rebuttal expert disclosures for any motion for leave to add a claim for punitive damages. Colorado Law does not allow an assertion of punitive damages until sufficient facts are discovered to present a *prima facie* case. Plaintiff submits that requiring that before February 26th, 2021 is unreasonably limited as it would allow for minimum discovery prior to the date, especially if there were any objections to discovery requests.

Defendant objects to Plaintiff's requested extension of the deadline to amend pleadings. Fed. R. Civ. P. 15 should control amendments to pleadings.

There is no set deadline for a motion for leave to add a claim for punitive damages. If plaintiff believes she has a prima facie case for a prayer for

punitive damages, she can seek leave to amend.  If the Court agrees that there is a prima facie case, and if the Court finds that the amendment will not cause unfair prejudice, it will be allowed, as per Rule 15.

b.   Discovery Cut-off:  July 12, 2021.

c.   Dispositive Motion Deadline: August 12, 2021.

d.   Expert Witness Disclosure

1.   The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff:   Plaintiff may call her treating medical providers, as well as experts in orthopedic medicine, physical medicine and rehabilitation, healthcare billing, insurance claim handling, insurance industry standards, insurance bad faith, and in any field necessary for rebuttal of Defendant's designated experts.

Defendant: At this time, Defendant anticipates retention of one or more medical doctors to perform a medical records review and/or independent medical examination of the Plaintiff's claimed injuries as well as an expert in the field of insurance industry standards/bad faith. Defendant also reserves the right to retain rebuttal experts in the fields in which Plaintiff designates experts.

2.   Limitations which the parties propose on the use or number of expert witnesses.

        Each side shall be limited to one expert per area of expertise, not to exceed three retained experts total per side.

        3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>May 13, 2021</u>.

        4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>June 13, 2021</u>.

   e.    Identification of Persons to Be Deposed:

       <u>Plaintiff</u>:

1. Claim adjusters who worked on the claim investigation and evaluation including but limited to Ms. Stephanie Gillingham – Seven hours each
2. 30(b)(6) representative of State Farm – Seven hours
3. Any expert witness disclosed by Defendant – Seven hours each

       <u>Defendant</u>:   Defendant anticipates taking the depositions of Plaintiff and Plaintiff's retained experts, if any.

## 10. DATES FOR FURTHER CONFERENCES

   a.    Status conferences will be held in this case at the following dates and times:

_____

b.    A final pretrial order is not required.  The Court will conduct a Trial Preparation Conference and resolve any remaining disputes concerning trial witnesses, trial exhibits, in limine issues, and jury instructions.  Proposed jury instructions should be emailed to Chambers one week before the TPC, with disputed versions of instructions

paired.  **Please jointly contact Chambers at <u>jackson_chambers@cod.uscourts.gov</u>**

**within 14 days to select TPC and Trial dates from the following options:**

**Proposed 5-day jury trial dates: 12/6/2021; 12/13/2021; 2/21/2022.
Proposed trial preparation conference dates: 11/10/2021 at 9:00; 11/19/2021 at 1:30; or 1/27/2022 at 9:00.**

### 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

5-day jury trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

13

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 19th day of January, 2021.

BY THE COURT:

R. Brooke Jackson
United States District Judge

APPROVED:

| | |
|---|---|
| *s/ Jonathan D. Stine* | *s/ Robert A. Zahradnik-Mitchell* |
| | Rebecca K. Wagner, #33473 |
| Jonathan Stine, Esq. | Robert A. Zahradnik-Mitchell, #50307 |
| The Paul Wilkinson Law Firm, LLC | Campbell, Wagner, Frazier & Dvorchak, LLC |
| 999 Jasmine Street, Third Floor | 5251 DTC Parkway, Suite 350 |
| Denver, CO 80220 | Greenwood Village, CO  80111 |
| Telephone:  (303) 870-1503 | Telephone: (303) 831-5990 |
| Fax:  (303) 756-1878 | *Attorneys for Defendant* |
| jonathan@pwlfllc.com | |